IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GREGORY K. WHITT                                                                                     PLAINTIFF

V.                                        Case No. 5:15-CV-5173

JUDGE WILLIAM A. STOREY;
and SHERIFF TIM HELDER                                                                         DEFENDANTS

## OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R & R") (Doc. 8) of the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas, filed in this case on September 21, 2015. The Magistrate has conducted a pre-service screening of Plaintiff Gregory Whitt's Complaint pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915A.

According to the Complaint, Whitt contends he was incarcerated in the Washington County Jail and charged with criminal contempt of court with a $75,000.00 bond set on March 20, 2014. While he was incarcerated, Sgt. Misty Behnia informed him that he was being brought up on state charges of jury tampering and had an additional $75,000.00 bond. Whitt was released on bond after the duplicate bond was corrected. On or about June 17, 2014, he was made aware that he was being charged with domestic battery in the 3rd degree and terroristic threatening. He appeared before Judge William A. Storey for a hearing, and he was allowed to be released upon an additional $75,000.00 bond. The domestic battery and terroristic threatening charges were later dismissed.

Whitt contends that Judge Storey and Sheriff Tim Helder violated his constitutional rights by setting an excessive bail. Further, he maintains that Sgt. Behnia

was "clearly trying to create emotional distress . . . [by] trying to manipulate [him] to believe [he] had an additional $75,000 bond." (Doc. 1, p. 5). After reviewing the case, the Magistrate Judge now recommends dismissal due to the fact that Whitt's Complaint is frivolous, fails to state a claim, and seeks relief from a Defendant who is immune from such relief.

Plaintiff has filed an Objection (Doc. 12) to the R & R, but in that Objection has failed to address any of the Magistrate's substantive findings. Instead, Defendant's Objection states that he would like direction from the Court as to who should be held responsible. Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the record *de novo* as to all specified proposed findings and recommendations to which Whitt has raised objections.

In examining Whitt's objections, none of them address why the Magistrate Judge's legal conclusions were incorrect, either by citing to certain relevant facts or to contrary legal precedent. Instead, the objections merely state that he "knows somebody is in violation of his rights over an excessive bond . . . [i]f not Judge Storey who set the bond, than [sic] Plaintiff would greatly appreciate direction of this Court as to who is to be held responsible." (Doc. 12, p. 1). Whitt, however, fails to recognize that the judicial function of setting bail is entitled to absolute immunity from suit, as explained in detail in the R & R. (Doc. 8, p. 3). Further, he fails to recognize that the bond was set by the Court, not Sgt. Behnia. (*Id.* at 4). Finally, Whitt fails to allege facts showing actions taken by Sheriff Helder pursuant to a government policy or custom or any actions taken by Sheriff Helder personally. *Id.* Although the Court holds pro se litigants' pleadings to "less stringent standards than formal pleadings drafted by lawyers," it is not the duty of

this Court to assist pro se litigants with their substantive claims. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Accordingly, the R & R is **ADOPTED IN ITS ENTIRETY**, and this case is **DISMISSED WITH PREJUDICE**. As dismissal will constitute a strike under 28 U.S.C. § 1915(g), the Clerk of the Court is directed to place a strike flag on the case.

**IT IS SO ORDERED** this 12th day of February, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE